UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                             Case No. 04-CR-172

ANICETO MENDIETA,

        Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Aniceto Mendieta entered a plea of guilty to knowingly and intentionally conspiring to distribute 5 kilograms or more of a mixture and substance containing cocaine and 100 kilograms or more of marijuana. On August 17, 2006, Mendieta was sentenced to the mandatory minimum term of 240 months in the custody of the Bureau of Prisons. On June 28, 2021, Mendieta filed a motion requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A), stating that "if Mr. Mendieta were charged with the same federal offense today, he would not be subject to a 20 or 15-year mandatory minimum and the Court would be able to impose a guideline or below-guideline sentence." Dkt. No. 281 at 4. In addition, counsel opines that 1) the co-defendants received lower sentences; 2) Mendieta experienced lockdowns while incarcerated due to Covid-19; 3) family obligations, specifically a mentally ill son who needs him, mean that he is needed back home; 4) Mendieta was introduced to drugs at a young age (13); and 5) high blood pressure, obesity, and his race (Hispanic) leave Mendieta at an increased risk for becoming severely ill from Covid-19. Counsel also argues that Mendieta has met the procedural requirements in that he filed a motion with the warden of his facility and more than 30 days have

passed since he requested relief from the warden.  The Court agrees that the procedural requirements have been met, however only the medical reasons can justify a sentence reduction at this point in time under § 3582(a)(1)(c)(A)(i).  That section serves as an exception, along with Rule 35, to the general rule that once imposed, a sentence is final.  Fed. R. Crim. P. 35.

U.S. Probation notes that Petersburg Medium Federal Correctional Institution in Hopewell, Virginia lists Mendieta's medical status as "Healthy or Simple Chronic Care" and his current health problems as testicular hypofunction and a vision related issue, with no concerns listed regarding his weight.  Mendieta's hypertension is listed as "resolved" effective February 2018, and no party submitted information indicating that Mendieta was taking medications for or had any ongoing treatment or complication with the conditions he listed.  Mendieta received two doses of the Pfizer-BioNTech vaccine on April 7, 2021 and April 28, 2021 respectively.  Dkt. No. 285 at 1–2.  Probation notes multiple disciplinary sanctions thus far during his term of incarceration, including possessing hazardous tools, tattooing or self-mutilating, fighting with another person, refusing to obey orders, and assault without serious injury.  And, importantly, records confirm Mr. Mendieta was enrolled in the Residential Drug Abuse Program (RDAP) with a proposed completion date of January 20, 2022.  *Id.* at 2.  As stated in Mendieta's own motion, "Mr. Mendieta has been participating in this program for several months and feels that he has already benefited greatly."  Dkt. No. 281 at 9.  It appeared that early removal from RDAP would not have been beneficial to Mr. Mendieta.

The Government notes that Mendieta's claim of a need to care for his 34-year-old adult son fails to provide sufficient detail regarding the exact circumstances or how he intends to remedy his son's mental health situation.  Also, as part of the instant offense, the Government states that Mendieta involved the son of his then long-time girlfriend into the original drug conspiracy.  Dkt.

No. 283 at 8 and n.3. These facts, in addition to Mendieta's troubling prison conduct during his incarceration, do not bode well in the Court's consideration of his request for release. Mendieta's motion for compassionate release will be denied.

Over the past year, the Bureau of Prisons (BOP) has undertaken extraordinary steps to control the spread of the virus, including vaccination of staff and high-risk inmates. In addition, inmates with adverse reactions are provided appropriate medical care by the institution. There is currently 1 active cases of Covid-19 among Petersburg Medium FCI inmates and 0 positive staff members. Approximately 2,431 total Petersburg FCC inmates and at least 475 staff members have been fully vaccinated, and these numbers continue to grow. *See* https://www.bop.gov/coronavirus. (Last visited 5/11/2022.) The Court does not intend to minimize the risks that COVID-19 poses in the federal prison system and even to people in good health, but as the Third Circuit noted "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *U.S. v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). Today, "vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F. 4th 595, 597 (7th Cir. July 21, 2021) (citing *United States v. Broadfield*, 5 F.4th 801, (7th Cir. July 21, 2021). Prisoners who have access to a vaccine generally cannot use the risk of COVID-19 to obtain compassionate release. *Id.* Mendieta is fully vaccinated, his own medical records list no significant history or treatment for the typical conditions known to increase risks from Covid-19, and it does not appear that he is even administered medication to treat or control any such disease or condition. In light of these facts, Mendieta has failed to demonstrate the extraordinary and compelling reasons needed to justify release under § 3582(c)(1)(A). He has failed to offer convincing evidence that he has any

health condition that would render him unusually susceptible to serious illness or death should he contract COVID-19, especially in light of the medical care he is receiving in prison and the fact that he has received the Covid-19 vaccine. The benefit of having, hopefully, completed his RDAP treatment will aid him long term.

THEREFORE, IT IS HEREBY ORDERED that the motion for compassionate release, Dkt. No. 281, is DENIED.

IT IS FURTHER ORDERED that the Government's motion, Dkt. No. 284, for leave to file a supplemental filing [294-1] is granted, as is Mendieta's motion to file a reply, Dkt. No. 286. The reply is located at Dkt. No. 287. The Clerk shall detach and e-file [294-1].

Dated at Green Bay, Wisconsin this 11th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge